**James Wesley CHASE, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–87–063–CR.**

Court of Appeals of Texas, Fort Worth.

May 5, 1988.

Crampton, Crampton & Estrada, and Robert G. Estrada, Wichita Falls, for appellant.

Patrick Morris, Dist. Atty., Decatur, for State.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal by James Wesley Chase (Chase) from a conviction for aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021(a) (Vernon Supp.1988). The jury found Chase guilty of the offense, and the court assessed punishment at twenty-five years in the Texas Department of Corrections.

We affirm.

Chase lived in a trailer park in Park Springs, Texas. He and his wife were friends of Mr. and Mrs. S——, who had three daughters. On May 30, 1986, one of the girls, eight-year-old J.S., was left at the Chase home by her father, who left to go meet her mother at a nightclub.

During his absence, Chase and J.S. were alone the majority of the time. J.S. testified that she was wearing shorts at the time. She stated that Chase wet his finger and placed it under her shorts.

J.S. was aided in her testimony with the use of anatomically correct dolls. Specifically, the dolls were used to aid J.S. in identification of parts of the human body. The prosecutor pointed to various body parts and asked J.S. to identify them, such as hand, eye, hair, etc. When referring to the vagina, the following exchange between J.S. and the prosecutor took place:

Q. Okay. And on—Still referring to State's Exhibit No. 1, what is this part of the doll?

A. Wee, wee.

Q. The wee wee?

All right.

MR. SMITH: Your Honor, would you certify for the record that State's Exhibit No. 1 is an anatomically correct doll.

THE COURT: I'll so certify.

MR. SMITH: All right. And would the Court certify that, as far as her term "wee wee," that this would be the vaginal area of the anatomically correct doll in State's Exhibit No. 1.

THE COURT: The record will so reveal.

Thereafter, J.S. testified that Chase twice licked his finger and inserted it into her "wee wee." She next testified that Chase twice "touched" her wee wee with his tongue.

J.S. testified that Chase took her into the house and showed her pornographic magazines and began to masturbate in her presence.

Chase was tried before a jury and found guilty of aggravated sexual assault. The court assessed punishment at twenty-five years in the Texas Department of Corrections.

Chase brings two points of error on this appeal.

In his first point of error, Chase claims there was insufficient evidence to sustain a conviction for aggravated sexual assault because there was no sworn testimony of contact or penetration of the female sex organ.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ Specifically, Chase contends that the prosecutor's request that the trial court certify that the area referred to by J.S. as the "wee wee" was the vaginal area of the doll, is no evidence. Chase argues that all testimony must come from the witness stand and prosecutor's statements did not constitute evidence.

It is true that the arguments of counsel are not evidence upon which a verdict can be based. However, the trial court is allowed to clarify the record when the spoken word does not reflect true trial proceedings. For example, it is common and

recommended practice for counsel to request the judge to allow the record to reflect that a witness has identified the defendant by pointing to and identifying clothes worn by the defendant. *See Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim.App. [Panel Op.] 1981), n. 2.

In the instant case, the State requested the court to clarify for the record that the area referred to as the "wee wee" was the vaginal area of the anatomically correct doll that J.S. had identified.

Further, as this court has previously held, in examining the testimony of the child involved, courts have kept in mind a child's lack of technical knowledge in accurately describing the parts of the body. *Bryant v. State*, 685 S.W.2d 472, 474 (Tex. App.—Fort Worth 1985, pet. ref'd). In *Bryant*, we held that a child's testimony that the defendant "put his hand between my legs" was sufficient evidence to show that he intentionally touched the child's vagina. *Id.* at 475.

Therefore, the testimony of J.S. that Chase stuck his finger in her "wee wee" was sufficient evidence, standing alone, to sustain a conviction.

In viewing the evidence in the light most favorable to the verdict, we hold there was sufficient evidence of contact or penetration of the female sex organ. Accordingly, the first point of error is overruled.

■ In his second point of error, Chase complains that the verdict was contrary to the weight of the evidence. We take this point of error as a claim of insufficiency of the evidence and as a result, will view the evidence in the light most favorable to the verdict.

Chase makes a number of different arguments under this point of error.

■ First, Chase complains there is no corroborating testimony, no "outcry witness," and no medical evidence to support the testimony of J.S. However, the uncorroborated testimony of the victim of a sexual offense is sufficient, by itself, if the victim has reported the offense to another within six months. TEX.CODE CRIM. PROC.ANN. art. 38.07 (Vernon 1979); *see*

*also Heckathorne v. State*, 697 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). In any event, article 38.07 provides that the rule stated therein does not apply if the victim was younger than fourteen years of age at the time of the offense. J.S. was eight years old at the time. As a result, we find this complaint has no merit.

■ Chase next asserts that the evidence established that J.S.'s parents kept sexually explicit materials, including magazines and x-rated films at their home. Our review of the record demonstrates that J.S. may even have viewed parts of x-rated movies. Chase also introduced evidence that J.S. had falsified stories about adults hurting her in the past.

All of this evidence was introduced to attack J.S.'s credibility. However, it is well settled that the jury is the exclusive judge of the facts and the weight to be given to the testimony. TEX.CODE CRIM.PROC. ANN. art. 38.04 (Vernon 1979); *see also Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim.App.1978). The jury may believe some witnesses and refuse to believe others, and may accept portions of the testimony and reject other portions. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982).

Inasmuch as J.S. was the sole prosecution witness, it is obvious that the jury chose to believe her and to discount the evidence seeking to discredit her testimony.

■ Chase's third complaint is there was insufficient evidence of oral contact between Chase's mouth and J.S.'s genitals. Chase bases this argument on the grounds that J.S. never testified that her shorts were removed. Our record reflects that J.S. was never asked this question. Additionally, no inquiry was made into the looseness of the shorts and other pertinent information.

Nonetheless, the allegation of oral contact was not the sole ground in the indictment to support a conviction for aggravated sexual assault. It is proper for an indictment to allege different ways of committing the offense in the conjunctive, and for the jury to be charged disjunctively. *Vasquez v. State*, 665 S.W.2d 484, 486 (Tex.

Crim.App.1984); *Vaughn v. State*, 634 S.W.2d 310, 312 (Tex.Crim.App.1982). Proof of either is sufficient absent an objection to the charge based upon insufficient evidence or a motion to force the State to elect. *Vasquez*, 665 S.W.2d at 486.

Chase did not object to the charge or move to force the State to elect. Where a jury returns a general verdict finding a defendant guilty as charged in the indictment the verdict must be applied to the phase of the offense which is supported by the evidence. *Wright v. State*, 364 S.W.2d 384, 387 (Tex.Crim.App.1963). If there is sufficient evidence to prove one of the two ways of committing the offense, this court need not consider whether the evidence is also sufficient to prove the alternative theory. *See Vasquez*, 665 S.W.2d at 487; *Pinkerton v. State*, 660 S.W.2d 58, 62 (Tex. Crim.App.1983).

The charge to the jury is worded disjunctively stating that if the jury found either penetration or oral contact, they could find Chase guilty of aggravated sexual assault. There was adequate evidence of penetration and this alone was sufficient for a conviction.

As a result, we need not consider whether the evidence is also sufficient to prove oral contact.

We have overruled both of Chase's points of error. Therefore, the judgment of the trial court is sustained.