TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00777-CR







Lucio Rodriguez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0960639, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 A jury found appellant guilty of aggravated sexual assault on a child and indecency
with a child by contact. See Tex. Penal Code Ann. §§ 22.021, 21.11 (West 1994 & Supp. 1998). 
The trial court assessed punishment, enhanced by a previous felony conviction, at imprisonment
for twenty-five years on each count, to run concurrently. On appeal, appellant challenges the legal
and factual sufficiency of the evidence to support his conviction. We will affirm.

 In late August or early September 1995, the ten-year-old victim and her three
brothers spent the weekend at her grandmother's house while their mother went out of town. The
victim's grandmother was also out of town that weekend, so appellant and his wife, who rented
a room at the grandmother's house, took care of the children. The victim testified that she was
sleeping in her grandmother's room when she "felt something cold and wet and gooey . . . in her
behind." The victim stated that her shorts and underwear were down in the back and that
appellant "was trying to get into my butt." (1) The victim turned around and elbowed appellant in
the nose. He cursed and went into the bathroom. The victim further testified that appellant
returned to her bed, rubbed against her breast with his hand and tried to kiss her, but she knocked
his hand off and turned her head away. Then appellant left the room.

 The victim reported the incident to Brenda Guerra Brooke, a counselor at Becker
Elementary, who also testified at trial. Brooke and the victim then told the victim's mother what
happened and the mother contacted the police.

 In two points of error, appellant contends that there was legally and factually
insufficient evidence to show that he made sexual contact with the victim's anus to support the
aggravated sexual assault conviction. (2) In reviewing a challenge to the legal sufficiency of the
evidence, we must determine whether, in the light most favorable to the conviction, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim.
App. 1991). Any inconsistencies are resolved in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991). In a factual sufficiency review, the verdict is set aside
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 A person commits the offense of aggravated sexual assault when he intentionally
and knowingly "causes the anus of a child to contact the mouth, anus, or sexual organ of another
person, including the actor" and "the victim is younger than 14 years of age." Tex. Penal Code
Ann. § 22.021. Appellant asserts that the evidence does not support the allegation that his penis
touched the victim's anus. At trial, the victim stated, "I felt something cold and wet and gooey
. . . in my behind." She also testified that appellant was "trying to get into her butt." Brooke,
the school counselor, testified that the victim told her that appellant was trying to put his penis in
her butt. Appellant argues that because no evidence was introduced to define or describe the word
"butt," one must speculate as to whether it means "anus" or simply "buttocks." He further argues
that in light of the fact that "butt" was not defined, the more rational explanation of the evidence
is that appellant attempted to make contact with the victim's anus, but was thwarted by the victim
elbowing him in the nose.

 After reviewing the record, we conclude that the victim's testimony sufficiently
described sexual contact as defined under the Penal Code. "[I]n examining the testimony of a
child, the courts have kept in mind the child's lack of technical knowledge in accurately describing
the parts of the body." O'Hara v. State, 837 S.W.2d 139, 142 (Tex. App.--Austin 1992, pet.
ref'd) (citing Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); Chase v. State, 750
S.W.2d 41, 44 (Tex. App.--Fort Worth 1988, pet. ref'd); Bryant v. State, 685 S.W.2d 472, 474
(Tex. App.--Fort Worth 1985, pet. ref'd)). Although the victim in this case used the term "butt"
instead of "anus," we conclude that she testified unequivocally that appellant committed sexual
assault by contact. See id. The victim not only testified that appellant was trying to get into her
butt, but also testified that she felt "something cold and wet and gooey . . . in her behind."
(Emphasis added.) The victim's testimony was further corroborated by the testimony of her
school counselor who recounted her discussion with the victim from which she concluded that the
victim had been sexually abused. 

 We hold that the evidence is sufficient under either a legal or factual sufficiency
standard. We believe the victim's testimony sufficiently described sexual contact. In viewing the
victim's testimony in the light most favorable to the verdict, we conclude that there is sufficient
evidence of aggravated sexual assault to sustain appellant's conviction. Further, we conclude that
the verdict is not contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Accordingly, appellant's two points of error are overruled.

 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 8, 1998

Do Not Publish 

1. The victim demonstrated appellant's contact for the jury with dolls.
2. Appellant does not challenge his conviction for indecency with a child by contact.


im then told the victim's mother what
happened and the mother contacted the police.

 In two points of error, appellant contends that there was legally and factually
insufficient evidence to show that he made sexual contact with the victim's anus to support the
aggravated sexual assault conviction. (2) In reviewing a challenge to the legal sufficiency of the
evidence, we must determine whether, in the light most favorable to the conviction, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim.
App. 1991). Any inconsistencies are resolved in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991). In a factual sufficiency review, the verdict is set aside
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 A person commits the offense of aggravated sexual assault when he intentionally
and knowingly "causes the anus of a child to contact the mouth, anus, or sexual organ of another
person, including the actor" and "the victim is younger than 14 years of age." Tex. Penal Code
Ann. § 22.021. Appellant asserts that the evidence does not support the allegation that his penis
touched the victim's anus. At trial, the victim stated, "I felt something cold and wet and gooey
. . . in my behind." She also testified that appellant was "trying to get into her butt." Brooke,
the school counselor, testified that the victim told her that appellant was trying to put his penis in
her butt. Appellant argues that because no evidence was intro