**Robert V. MALDONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–00–357–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 23, 2001.

Discretionary Review Refused
Jan. 9, 2002.

Philip Thomas Cowen, Brownsville, for Appellant.

David W. Hartmann, Asst. County (Cr. Dist.) Attorney, Yolanda De Leon, District Attorney, Brownsville, for the State.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

DORSEY, Justice.

Roberto Vandevert Maldonado appeals his conviction for indecency with a child on the grounds that the trial court erred in denying his motion to exclude privileged information and the evidence was insufficient to support his conviction.

### Background

Appellant, a ward clerk in a Harlingen church, became involved in various activities with church members and their children. In 1998 and 1999, two families told their church's superior that appellant was "inappropriately" touching their daughters. In 1998, Richard Jordon, the Harlingen church's bishop, called a meeting with appellant to confront him about a complaint that he kissed a minor girl. In 1999, Bishop Jordon confronted appellant with another complaint that he was involved in "inappropriate behavior" with a church member's ten year old daughter. After the second incident, appellant was told that he no longer had a leadership position with the church and was not welcome there.

On February 9, 2000, appellant was indicted for one count of indecency with a child for touching the child's breasts and another count of indecency with a child for touching the child's genitals. Appellant pled not guilty to both counts.

At trial, a victim said that she was touched by appellant on two occasions. Also, Bishop Jordon testified to his meetings with appellant involving the complaints. The jury found appellant guilty of indecency with a child for touching the girl's breasts and not guilty of indecency with a child for touching the girl's genitals. Since he was a habitual offender, appellant was sentenced to confinement for 40 years. Appellant filed a timely written notice of appeal.

### Clergyman Testimony

■ Appellant contends that the trial court erred in denying his motion to exclude privileged information. Specifically, appellant contends that admitting Richard Jordon's testimony was improper because appellant's statements to Jordon were

privileged under Texas Rule of Evidence 505.

■ That rule provides that "[a] person has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication by the person to a member of the clergy in the member's professional character as a spiritual advisor." TEX.R. EVID. 505(b) (Vernon 2000). "A 'member of the clergy' is a minister, priest, . . . or other similar functionary of a religious organization or an individual reasonably believed so to be by the person consulting with such individual." TEX.R. EVID. 505(a)(1) (Vernon 2000). Under the express language of the rule, the privilege only extends to communications addressed to a clergyman in his professional capacity as a spiritual advisor, not to every private communication made to a clergy member. *Nicholson v. Wittig*, 832 S.W.2d 681, 687 (Tex.App.—Houston [1st Dist.] 1992). Thus, statements made during a disciplinary/administrative meeting are not communications made for the purpose of obtaining spiritual guidance or consolation and do not fall under the privilege. *Kos v. State*, 15 S.W.3d 633, 640 (Tex.App.—Dallas 2000, pet. ref'd).

In *Kos*, the appellate court said that communications between a clergy member and defendant were not privileged because the meeting was held for the specific purpose of obtaining information about sexual abuse allegations. *See Kos*, 15 S.W.3d at 639–40. The court reasoned that the clergy member wanted to confront the defendant about the charges, the clergy member initiated the meeting, and the defendant did not seek any advice at that time on how he could reconcile himself with the church. *Id.*

In this case, Bishop Jordon, an established "member of the clergy," said that he was notified by his church superior about the complaints against appellant. Jordon called the meetings between himself, the church superior, a professional counselor, and appellant. Jordon told appellant that the specific purpose of the meetings was to confront him about the allegations of his inappropriate behavior. From his actions, Jordon did not indicate that the meetings were held for spiritual guidance. In addition, appellant did not present evidence that he made statements at the meetings with a reasonable expectation of confidentiality to a member of a clergy acting in his or her professional or spiritual capacity. *See Wittig*, 832 S.W.2d at 685. Therefore, the initial meetings were administrative in nature and not privileged. Bishop Jordon did not communicate with appellant in his professional character as a spiritual adviser. We hold that the trial court did not err in denying appellant's motion to exclude privileged information.

### Sufficiency of Evidence

■ In his second point of error, appellant contends that the evidence was insufficient to support his conviction. Specifically, appellant contends that the victim's testimony did not reflect that he touched the victim on her breast, which is an essential element of indecency with a child. *See* TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon Supp.2001).

■ When we review the sufficiency of the evidence to support a conviction based upon direct evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim.App.1995); *Villarreal v. State*, 865 S.W.2d 501, 503 (Tex.App.—Corpus Christi 1993, pet. ref'd). It is common and recommended practice for coun-

sel to request the judge to allow the record to reflect that a witness has demonstrated the acts of the defendant through testimony. *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex.Crim.App.1981); *Chase v. State*, 750 S.W.2d 41, 44 (Tex.App.—Fort Worth 1988, pet. ref'd). Although the trial court is allowed to clarify the record when the spoken word does not reflect true trial proceedings, it is not necessary if the jury was adequately aware that the witness referred to a specific act. *See Rohlfing*, 612 S.W.2d at 601.

In this case, the victim testified about appellant touching her. The state asked the victim, "He touched you up in your breast area?" The victim replied, "Yes." Then, the state asked the judge to reflect on record that the witness had touched the anatomically correct doll on her breast area. The judge did not reply.

From the victim's in court demonstration and her affirmative answer, a rational trier of fact could conclude that the appellant touched the victim on her breast. There was no need for the trial court to intervene for clarification. Since the victim clearly indicated that the appellant touched her breast, and there was no issue as to the other elements of the crime, we conclude that the evidence was sufficient to support appellant's conviction for indecency with a child.

### Conclusion

The trial court did not err in denying appellant's motion to exclude privileged information. In addition, the evidence was sufficient to support appellant's conviction for indecency with a child. Therefore, the judgment of the trial court is AFFIRMED.