COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

THANH DUNG TIEU,                                         )                    No. 
08-01-00272-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       292nd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                   of Dallas County, Texas

                                                                              )

Appellee.                           )                      (TC# F-0100056-SV)

 

O
P I N I O N

 

Thanh
Dung Tieu appeals his conviction for aggravated sexual assault of a child.  A jury found Appellant guilty and assessed
punishment at a fine of $10,000 and imprisonment for a term of forty years.  We affirm.

FACTUAL SUMMARY








In
the summer of 2000, seven-year-old Linda Nguyen lived in an apartment with her
mother, her two sisters, her brother, and Appellant.  Linda referred to Appellant as her Adad@
but it is possible that he is not her biological father.  While Linda was in the first grade, Appellant
made Linda watch Abad
movies@ with him
in the bedroom and he touched her inappropriately on several occasions.  These assaults occurred while Linda=s mother was at work, and on some
occasions while a babysitter was present elsewhere in the apartment.  Linda described the assaults with her spoken
testimony and with the aid of drawings and dolls.  Appellant touched Linda between the legs with
his hand.  On another occasion, he put
his tongue between her legs.  Appellant
also forced Linda to place her mouth on Athe
middle of his legs@ or Aon his between his legs@ and Alick
it.@ 
She described Ahis
between his legs@ as Alike oval with lines and hair.@ 
Appellant placed a piece of candy on himself so that it would taste good
when she licked it.  After she licked it,
Awhite stuff@  came out. 
On yet another occasion, Appellant made Linda lay on her stomach and he
put Athe thing
that middle of his leg into my butt.@  She told him that it hurt but he told her to
wait and that it would be over in a little while.  

Linda
was afraid to tell anyone what had happened because Appellant told her not to
tell anyone.  Despite Appellant=s warning, Linda finally told her
mother, Linh Nguyen, what Appellant had been doing to her.  Linda told Linh that Appellant had done bad
things to her.  When Linh asked what he
had done, Linda said Ajust
like in the movie.@  Linda did not provide her with any details
except that she told her that Appellant had made her lick his penis.  Linh told Linda not to tell her grandmother.  However, Linda informed her grandmother of
the assaults only a few days later.  

Pham
Thi Thamh My Wolfe, Linda=s
grandmother, also testified about Linda=s
outcry to her.  While visiting her
grandmother, Linda began crying on the couch. 
When Mrs. Wolfe asked what was wrong, Linda said that her daddy had done
bad things to her.  She said that he had
touched her vagina.  Linda did not use
the word Avagina@ but instead pointed to where Appellant
had touched her.  Mrs. Wolfe and her
husband immediately went to Linh=s
apartment and picked up all of the children. 
Over the next few days, Linda provided additional details of what had
occurred.  Appellant rubbed candy on his
body and penis and made her lick it. 
Appellant also rubbed candy on Linda=s
body and vagina and then licked her. 
Linda was afraid to tell anyone because Appellant told her that he would
call the police and they would put her in jail. 









Following
Appellant=s arrest,
Linh and the children moved into the Wolfes=
home.  Mr. Wolfe found two videotapes,
one of which was labeled as triple x-rated. 
One of the tapes was unlabeled, so Mr. Wolfe played it to determine its
content.  He discovered that the second
tape, which he described as Avery
bad@ was also a triple x-rated video.  Linda told her grandparents that she had
watched the videotapes and Appellant had made her A[do]
everything that=s in the
movie.@              Lori
Langston, a child advocate and interview specialist employed by the Dallas
Children=s
Advocacy Center, interviewed Linda on August 15, 2000.  During the course of the interview, Linda
communicated to Langston that she had been sexually abused by her Adad@
beginning when she was five years old. 
Linda described oral sex performed on her by the perpetrator, oral sex
to the perpetrator=s body by
Linda, and anal sex.  Linda specifically
told Langston that Appellant Aput
his thingy in my butt@
and it kept hurting but he continued. 
Linda demonstrated what had been done to her through the use of stuffed
toys.  Linda described Appellant=s penis as round and straight and it
felt like a finger, which she indicated by holding her finger straight
out.  When Linda told her mother about
the assaults, Linh instructed her not to tell her grandmother because it would
cause her to worry and die soon.








Dr.
Donna Persuad, an associate professor of pediatrics at U.T. Southwestern
Medical School and attending physician at Dallas Children=s Medical Center, performed a medical
evaluation of Linda on August 16, 2000. 
Dr. Persuad assessed Linda=s
genital and anal areas as normal but she explained that these findings did not
rule out sexual abuse.  The genital and
anal openings have the ability to stretch so that they can accommodate levels
of penetration without trauma.  Further,
both areas are capable of healing, particularly the anus.  She would not expect to make medical findings
where only slight penetration had occurred. 
In cases involving alleged anal penetration, the anal exam is normal in
90 percent of the cases.

Appellant
did not testify nor offer any evidence in his own behalf.  In fact, Appellant instructed his attorney to
not cross-examine any of the witnesses. 
The jury found Appellant guilty of aggravated sexual assault by causing
his mouth to contact her sexual organ as alleged in the indictment.

FACTUAL SUFFICIENCY

In
Point of Error No. One, Appellant challenges the factual sufficiency of the
evidence to support his conviction.  He
argues that the complainant=s
testimony is not reliable or credible because she never used the word Apenis@
during her testimony, she was unable to describe Appellant=s genitalia, the medical examination
was normal, and the State failed to call the complainant=s
mother or the babysitters as witnesses.

Standard of Review








When
conducting a review of the factual sufficiency of the evidence, we consider all
of the evidence, both admissible and inadmissible, but we do not view it in the
light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App
. 1996); Levario v. State, 964 S.W.2d 290, 295 (Tex.App.‑-El Paso
1997, no pet.).  We review the evidence
weighed by the jury that tends to prove the existence of the elemental fact in
dispute and compare it with the evidence that tends to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App.
1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54
(1997).  A defendant challenging the
factual sufficiency of the evidence may allege that the evidence is so weak as
to be clearly wrong and manifestly unjust, or in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight and preponderance of the evidence.  See Johnson, 23 S.W.3d at 11.  Although we are authorized to set aside the
fact finder=s
determination under either of these two circumstances, our review must employ
appropriate deference and should not intrude upon the fact finder=s role as the sole judge of the weight
and credibility given to any evidence presented at trial.  See Johnson, 23 S.W.3d at 7.  We are not free to reweigh the evidence and
set aside a verdict merely because we believe that a different result is more
reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis,
922 S.W.2d at 135.

Elements of the Offense

A
person commits aggravated sexual assault if he intentionally or knowingly
causes the sexual organ of a child to contact the mouth of another person
including the actor and the child is younger than fourteen years of age.  Tex.Pen.Code
Ann. '
22.021(a)(1)(B)(v), (2)(B)(Vernon Supp. 2003). 
The indictment charged Appellant with aggravated sexual assault pursuant
to this section of the Penal Code.

Review of the Evidence








Because
Appellant did not offer any contrary evidence, his sufficiency argument is
necessarily that the evidence is so weak that the jury=s
verdict is clearly wrong and manifestly unjust. 
With respect to Appellant=s
argument that Linda never used the word Apenis@ during her testimony and could not
describe Appellant=s
genitalia, it is obvious from reading the record that Linda was uncomfortable
in discussing the sexual assaults committed against her.  Linda may have been hesitant in her testimony
but during the interview with Langston, she described Appellant=s penis or Athingy@ as she referred to it.  In examining the sufficiency of the evidence
in sexual offenses involving children, reviewing courts have traditionally been
mindful of a child=s lack of
technical knowledge in accurately describing the parts of the body.  See Clark v. State, 558 S.W.2d 887,
889 (Tex.Crim.App. 1977); Karnes v. State, 873 S.W.2d 92, 96 (Tex.App.‑‑Dallas
1994, no pet.); O=Hara
v. State, 837 S.W.2d 139, 142 (Tex.App.‑‑Austin 1992, pet. ref=d); Chase v. State, 750 S.W.2d
41, 44 (Tex.App.‑‑Fort Worth 1988, pet. ref=d).  As a matter of public policy, the appellate
courts of this state do not expect child victims of crime to testify with the
same clarity and ability as is expected of mature and capable adults.  Villalon v. State, 791 S.W.2d 130, 134
(Tex.Crim.App. 1990); Wallace v. State, 52 S.W.3d 231, 235-36
(Tex.App.--El Paso 2001, no pet.); Gottlich v. State, 822 S.W.2d 734,
741 (Tex.App.‑‑Fort Worth 1992, pet. ref=d).  Consequently, a child=s
use of unsophisticated language will not render the evidence legally or
factually insufficient to establish guilt. 
Wallace, 52 S.W.3d at 235-36. 
Instead, we will review all of the evidence to determine whether the
evidence is factually sufficient to support the jury=s
finding of guilt.  Despite Linda=s apparent unease and her
unsophisticated descriptions of the events, the prosecutor succeeded in
eliciting sufficient details about the assaults through Linda=s testimony and with the aid of
drawings and dolls.  With respect to the
allegations at issue in this case, Linda testified that Appellant made her
place her mouth on what she referred to as Abetween
his legs@ and Awhite stuff@
came out.  Taken together with thie other
evidence, this is sufficient to show that Appellant made Linda place her mouth
on his penis.








As
evidence of credibility, the outcry Linda made to her grandmother is consistent
with the statements made during the interview by Langston, and those statements
are consistent with her testimony at trial. 
Further, Dr. Persuad explained the absence of medical findings.  Linda=s
delay in making an outcry is reasonably explained by Appellant=s instructions that she should not tell
anyone or he would call the police to take her away.  The State=s
failure to call either the babysitter or Linda=s
mother as witnesses does not render the evidence actually offered by the State
so weak as to render the evidence factually insufficient.  Our task is to examine the evidence admitted
at trial and determine whether it supports the jury=s
verdict.  In summary, the jury had ample
opportunity to assess the complainant=s
credibility and there is no reason to overturn their resolution of that
issue.  Point of Error No. One is
overruled.

ADMISSION OF HEARSAY








In
Point of Error No. Two, Appellant contends that the trial court abused its discretion
in admitting certain hearsay statements made by the complainant to her
grandmother because the State failed to establish compliance with Article
38.072 of the Texas Code of Criminal Procedure which allows admission of
certain hearsay testimony in the prosecution of offenses committed against
children twelve years of age or younger. 
See Tex.Code
Crim.Proc.Ann. art. 38.072 (Vernon Pamph. 2003)(the outcry
statute).  The outcry statute applies
only to statements made (1) by the child against whom the offense was allegedly
committed, and (2) to the first person, eighteen years of age or older, to whom
the child made a statement about the offense. 
Tex.Code Crim.Proc.Ann.
art. 38.072, ' 2.  To be admissible under this statute, the
child=s
statement to the witness must describe the alleged offense in some discernible
manner and must be more than a general allusion to sexual abuse.  See Garcia v. State, 792 S.W.2d 88, 91
(Tex.Crim.App. 1990); Sims v. State, 12 S.W.3d 499, 500 (Tex.App.‑-Dallas
1999, pet. ref=d); Hayden
v. State, 928 S.W.2d 229, 231 (Tex.App.‑-Houston [14th Dist.] 1996,
pet. ref=d).  A trial court has broad discretion in
determining the admissibility of outcry statements pursuant to this statute,
and we will not disturb the trial court=s
ruling absent an abuse of discretion.  See
Garcia, 792 S.W.2d at 92.  An abuse
of discretion occurs only where the trial court=s
ruling falls outside the zone of reasonable disagreement.  See Montgomery v. State, 810 S.W.2d 372,
391 (Tex.Crim.App. 1991)(opinion on reh=g).

Pursuant
to Article 38.072, ' 2(b),
the State provided notices to Appellant that it intended to offer outcry
testimony through Mrs. Wolfe and Lori Langston. 
See Tex.Code Crim.Proc.Ann.
art. 38.072, '
2(b).  When a dispute arose during trial
as to whether Linh Nguyen was actually the proper outcry witness, Appellant
objected to any outcry testimony from Mrs. Wolfe because she was not the first
person to whom Linda made a statement about the assaults.  The trial court conducted a hearing outside
the presence of the jury to resolve this issue and both Linh and Mrs. Wolfe
testified.  At the hearing=s conclusion, Appellant=s attorney stated that he had no
objection to Mrs. Wolfe testifying as the outcry witness in Cause Number
F01-00055-V.  Appellant=s attorney further stated that the only
objections he had to the evidence elicited during this hearing was the
testimony concerning the assaults committed by Appellant against Linda=s sister, Julie.  The trial court ruled that Mrs. Wolfe was the
proper outcry witness in Cause Number F01-00055-V.  








In
the presence of the jury, the prosecutor asked Mrs. Wolfe to tell the jury the
substance of Linda=s
statements to her.  Appellant objected to
any further outcry testimony from Mrs. Wolfe because the Afactual situation has changed
substantially@ since
the hearing held outside of the jury=s
presence.  The court sustained that
objection and a bench conference ensued regarding the timing of Linda=s discussions with various potential
outcry witnesses.  After some discussion
in which Appellant=s
attorney admitted he was confused about the timing of the various statements
and interviews, the trial court overruled Appellant=s
objection but instructed the prosecutor to clarify who talked to the complainant
and when.  The judge instructed Appellant=s attorney to object if the witness
started going into Afacts.@ 
After the prosecutor established the timing of the statements, Mrs.
Wolfe then testified about the statements Linda had made to her, including the
statement that Appellant made Linda lick his penis.  Appellant raised no objection to this testimony.

The
State argues that because Appellant did not object to Mrs. Wolfe=s testimony, he failed to preserve
error.  We agree.  Appellant=s
initial objections made outside the presence of the jury do not preserve the error
complained of on appeal.  Rule 103(a)(1)
of the Rules of Evidence provides that when the court hears objections to
offered evidence out of the presence of the jury and rules that such
evidence be admitted, such objections shall be deemed to apply to such
evidence when it is admitted before the jury without the necessity of repeating
those objections.  Tex.R.Evid. 103(a)(1).  Here, the court sustained Appellant=s objection, in part, rather than
overruling it.  Therefore Appellant was
obligated to object when Mrs. Wolfe=s
testimony exceeded what the court ruled it would allow.  Although Appellant objected during Mrs. Wolfe=s testimony before the jury, he did not
adhere to the trial court=s
instructions to object if she started going into the substance of the
statements.  Therefore, we find that he
has failed to preserve his complaints for review.  Tex.R.App.P.
33.1; see Davidson v. State, 80 S.W.3d 132, 138 (Tex.App.--Texarkana
2002, pet. ref=d).  Point of Error No. Two is overruled.

ADMISSION OF VIDEOTAPES








In
his final point of error, Appellant asserts that the trial court abused its
discretion in admitting the two pornographic videotapes into evidence because
they were not relevant.  The
admissibility of evidence is within the trial court=s
discretion.  Duckett v. State, 797
S.W.2d 906, 913 (Tex.Crim.App . 1990); Contreras v. State, 915 S.W.2d
510, 518‑19 (Tex.App.‑‑El Paso 1995, pet. ref=d). 
Questions of relevance should be left largely to the trial court,
relying on its own observations and experience, and will not be reversed absent
an abuse of discretion.  Moreno v.
State, 858 S.W.2d 453, 463 (Tex.Crim.App.), cert. denied, 510 U.S.
966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); Montgomery, 810 S.W.2d at
391.  As long as the trial court=s ruling was at least within the zone
of reasonable disagreement, we will not intercede.  Montgomery, 810 S.W.2d at 391.

Evidence
is Arelevant@
if it has Aany
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.@  Tex.R.Evid.
401; Moreno, 858 S.W.2d at 463; Contreras, 915 S.W.2d at
519.  Relevancy is not an inherent
characteristic of any item of evidence but exists as a relation between an item
of evidence and a matter properly provable in the case.  Montgomery, 810 S.W.2d at 375.  Moreover, the evidence need not by itself
prove or disprove a particular fact to be relevant; it is sufficient if the
evidence provides a small nudge toward proving or disproving some fact of
consequence.  Id. at 376; Contreras,
915 S.W.2d at 519.

Linda
testified that Appellant made her watch these videotapes and then perform the
acts depicted in them.  Thus, Appellant
used the videotapes to induce Linda=s
participation in the assaultive conduct, and as such, they were an integral
part of the sexual assaults he committed against Linda.  The trial court did not err in finding the
evidence relevant.  Point of Error No.
Three is overruled.  Having overruled
each point of error, we affirm the judgment of the trial court.

 

 

January 23, 2003

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 5

McClure, Chew, and Hill, JJ.

Hill, J. (sitting by assignment)

 

(Do Not Publish)