# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00314-CR

**Kevin L. Bierwirth, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY, NO. 16-04563-3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court found appellant Kevin L. Bierwirth guilty of driving while his license was invalid (DWLI), a Class C misdemeanor, and imposed a $200 fine as punishment.[1] *See* Tex. Transp. Code § 521.457(a)(4), (e);[2] Tex. Penal Code § 12.23. In two points of error, appellant challenges the sufficiency of the evidence supporting his conviction and asserts that the trial court lacked jurisdiction. We affirm the trial court's judgment of conviction.

---

[1] The information also alleged that appellant's driver's license had previously been suspended as a result of an offense involving the operation of a motor vehicle while intoxicated, an enhancement allegation that elevated the offense to a Class B misdemeanor. *See* Tex. Transp. Code § 521.457(f-1). However, the trial court declined to find the enhancement allegation true.

[2] During the 2017 legislative session, the Texas Legislature amended subsection (d) of section 521.457 of the Transportation Code, which relates to an affirmative defense to DWLI. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 1079, § 4, 2017 Tex. Gen. Laws 4225, 4226 (current version at Tex. Transp. Code § 521.457). Because the change does not substantively affect our analysis, we cite to the current version of the statute for convenience.

## BACKGROUND

On June 29, 2016, Bronson Buell, an officer with the Cedar Park Police Department, was on patrol when he observed a white Lincoln passenger car with an expired registration driving on the roadway. Officer Buell initiated a traffic stop for the violation and made contact with appellant, who was the driver and sole occupant of the car. When Officer Buell asked for appellant's driver's license, appellant handed the officer an identification card, telling him that he did not have a driver's license. Officer Buell then ran appellant's information through Cedar Park dispatch, which conducted a computer database search, and learned that appellant's driver's license was suspended and that appellant had an outstanding arrest warrant. At that point, Officer Buell arrested appellant for enhanced DWLI and for the outstanding warrant.[3]

## DISCUSSION

On appeal, appellant challenges the sufficiency of the evidence supporting his conviction and asserts that the trial court lacked jurisdiction in this case.

### Sufficiency of the Evidence

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine

---

[3] Apparently, Officer Buell determined from the database search that appellant had previously been convicted for driving while license invalid.

whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). In our sufficiency review we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.); *see Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the factfinder reached a rational decision. *See Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally" (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010))). "The key question is whether 'the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Id.* (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we

must defer to the credibility and weight determinations of the factfinder. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). In addition, we must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (quoting *Clayton*, 235 S.W.3d at 778). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that resolution. *Cary*, 507 S.W.3d at 757; *Blea*, 483 S.W.3d at 33; *Murray*, 457 S.W.3d at 448–49. Because factfinders are permitted to make reasonable inferences, "[i]t is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *Nowlin*, 473 S.W.3d at 317. The standard of review is the same for direct and circumstantial evidence cases. *Jenkins*, 493 S.W.3d at 599; *Nowlin*, 473 S.W.3d at 317; *Dobbs*, 434 S.W.3d at 170.

Under Texas law, a person "may not operate a motor vehicle on a highway in this state unless the person holds a driver's license under [Chapter 521 of the Transportation Code]." Tex. Transp. Code § 521.021. The Transportation Code defines "driver's license" to mean "an authorization issued by the [Department of Public Safety] for the operation of a motor vehicle." *Id.* § 521.001(a)(3). The Code further defines "license" to mean "an authorization to operate a motor vehicle that is issued under or granted by the laws of this state," *id.* § 521.001(a)(6), and the term

4

explicitly includes "a driver's license," *id.* § 521.001(a)(6)(A), and "the privilege of a person to operate a motor vehicle regardless of whether the person holds a driver's license," *id.* § 521.001(a)(6)(B). As charged in this case, a person commits the offense of driving while license invalid "if the person operates a motor vehicle on a highway . . . after the renewal of the person's driver's license has been denied under any law of this state, if the person does not have a driver's license subsequently issued under [Chapter 521 of the Transportation Code]." *Id.* § 521.457(a)(4).

At trial, the State presented the testimony of Officer Buell, who described his encounter with appellant during the traffic stop, and introduced a certified copy of appellant's driver's license record into evidence. The evidence from the officer's testimony and the certified record reflects that appellant's driver's license was last issued on December 29, 2004, and expired on February 17, 2009. Further, the driver's license record contained an entry indicating an "active" and "indefinite" enforcement action of "denied renewal - failure to appear" that began on April 11, 2009.

At trial, appellant asserted that he never filed an application to renew his driver's license after his license expired in 2009. Therefore, according to appellant, he could not be convicted of the instant DWLI offense because renewal of his driver's license had not been denied.[4] Similarly, in challenging the sufficiency of the evidence on appeal, appellant contends that because the State failed to show that he had filed an application for a driver's license, which had been denied, after his license expired in 2009, the evidence is insufficient to support his conviction for DWLI.

---

[4] As the trial court summarized, appellant's argument was that he could not be convicted of the charged offense because "there's no proof that [he] ever applied [for renewal of his driver's license], and, therefore, [he] can't be denied."

5

Initially, we observe that appellant made this assertion—that he had never filed an application for renewal of his driver's license since its expiration—to the trial court during his closing argument.[5] Appellant declined to testify as a witness during the evidentiary portion of trial. Thus, his assertion during argument was not evidence before the trial court. *See Van Enriquez v. State*, No. 14-04-00874-CR, 2005 WL 2978942, at *2 (Tex. App.—Houston [14th Dist.] Nov. 8, 2005, pet. ref'd) (mem. op., not designated for publication) (recognizing that "closing argument is not evidence"); *Glivens v. State*, 918 S.W.2d 30, 34 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (acknowledging that "jury argument is not evidence"); *Chase v. State*, 750 S.W.2d 41, 43 (Tex. App.—Fort Worth 1988, pet. ref'd) (observing that "the arguments of counsel are not evidence upon which a verdict can be based"). Nevertheless, even if the trial court accepted appellant's statement during argument as testimony, his statement merely contradicts the reasonable inference raised by the certified copy of appellant's driver's license record, which was admitted into evidence. Reconciliation of any conflicts or contradictions in the evidence is within the exclusive province of the fact finder. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); *Jimenez v. State*, 240 S.W.3d 384, 402 (Tex. App.—Austin 2007, pet. ref'd). Here, the trial judge, as the exclusive judge of the facts and sole judge of witness credibility, was entitled to weigh the evidence and resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Blea*, 483 S.W.3d at 33; *Dobbs*, 434 S.W.3d at 170; *Clayton*, 235 S.W.3d at 778. We find no flaw in the trial judge's resolution of any alleged conflicts or inconsistencies against appellant.

---

[5] Appellant represented himself pro se at trial; he represents himself pro se on appeal.

In his brief, appellant "posits" that the enforcement action referenced in his certified driver's license record is "standard verbiage when one misses a court date, and nothing more." Thus, according to appellant, it does not suffice to demonstrate the denial of renewal of his driver's license. He focuses his argument on the absence of evidence showing a denied application for renewal. He claims in his reply brief that "no evidence of an application filled out and filed by [appellant] for renewal of a driver['s] license which was subsequently denied" exists and complains that "the State, at no time, offered an application made by [appellant] that reflects a denial of renewal." However, "the law requires no particular type of evidence" to support a conviction. *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). "Direct and circumstantial evidence are equally probative, and 'circumstantial evidence alone can be sufficient to establish guilt.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13). The record in this case reflects that the trial judge was familiar with certified driver's license records, having read "many" before. The judge was free to make reasonable inferences from the evidence of the enforcement action depicted in the record. As sole judge of the weight and credibility of the evidence, the judge bore the burden of determining what to believe as to the denial of renewal of appellant's driver's license. *See Hooper*, 214 S.W.3d at 13.

Furthermore, appellant attempts to define the denial of renewal of a driver's license referenced in the statute in a limited manner—as only the particular event of a specific request or application for renewal being denied. The trial court rejected appellant's position, instead interpreting the denial of renewal to be "a unilateral denial by DPS" rather than "a denial after a specific request for renewal." A plain reading of Transportation Code section 521.457(a)(4) supports the trial court's interpretation of the statute. *See Long v. State*, 535 S.W.3d 511, 520 (Tex. Crim.

7

App. 2017), *cert. denied*, 138 S. Ct. 1006 (2018) (recognizing that when interpreting statutes, courts necessarily focus on literal text of statute in question and attempt to discern fair, objective meaning of text at time of enactment (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991))). On its face, the statute reflects that the Legislature did not limit the offense charged here to the denial of an application or request for renewal of a driver's license. Had the Legislature intended to create such a limited scope, it could have defined the offense as driving "after *an application or a request for* renewal of the person's driver's license had been denied." It did not. Instead, the statute broadly references "after renewal of the person's driver's license has been denied." The statute, by its terms, does not require proof of a denied application or request for renewal but only proof of denied renewal. Thus, the enforcement action of "denied renewal" on appellant's driver's license record—reflecting the status of renewal being denied, which began prior to the date of the instant offense—is consistent with the statutory language and suffices to show that renewal of appellant's driver's license had been denied at the time he was driving and stopped by Officer Buell.

In assessing the legal sufficiency of the evidence, the reviewing court must "give deference to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Jenkins*, 493 S.W.3d at 599 (quoting *Hooper*, 214 S.W.3d at 13); *see Jackson*, 443 U.S. at 318–19. Furthermore, we must be mindful that factfinders are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence. *See Boston v. State*, 373 S.W.3d 832, 837 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013);

8

*Eustis v. State*, 191 S.W.3d 879, 884 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). That said, from the evidence presented in this case and the reasonable inferences drawn from it, the trial judge could have found beyond a reasonable doubt that there was evidence that appellant operated a motor vehicle on a highway after renewal of his driver's license had been denied and that appellant did not subsequently have a valid driver's license issued to him.[6]  Therefore, the evidence is sufficient to support appellant's conviction for driving while license invalid.  *See Nowlin*, 473 S.W.3d at 317 ("[W]here the inferences made by the factfinder are reasonable in light of 'the cumulative force of all the evidence when considered in the light most favorable to the verdict,' the conviction will be upheld." (quoting Wise v. *State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012))).  Accordingly, we overrule appellant's first point of error.

**Trial Court Jurisdiction**

In his second point of error, appellant claims that the trial court did not have jurisdiction "over the 'invalid license' when no license existed." He contends that "[t]he Court ha[d] no jurisdiction to hear a charge or argument about something which does not exist."

To be adequately briefed, a point of error must cite relevant legal authority and provide legal argument based upon that authority.  *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").  Encompassed within a party's duty of providing a "clear and concise argument for the contentions made" is the task of explaining or discussing why his argument has

---

[6] Appellant does not dispute that the evidence demonstrated that he was operating a motor vehicle on a highway or that he did not subsequently have a valid driver's license issued to him.

substance.  *Serrano v. State*, No. 03-15-00654-CR, 2017 WL 4228717, at \*7 (Tex. App.—Austin Sept. 21, 2017, pet. ref'd) (mem. op., not designated for publication); *Lummus v. State*, No. 07-15-00120-CR, 2015 WL 6153003, at \*3 (Tex. App.—Amarillo Oct. 19, 2015, no pet.) (mem. op., not designated for publication).  The Court of Criminal Appeals has emphasized that an appellate court has no obligation to construct and compose issues, facts, and arguments for an appellant.  *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); *see Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011) (holding that appellant's point of error, which contained no argument or citation to any authority that might support argument, was inadequately briefed and presented nothing for review "as this Court is under no obligation to make appellant's arguments for her"); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (affirming that appellate court has "no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'" (quoting Tex. R. App. P. 38.1)).  Thus, to avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must comply with the briefing rules and sufficiently present grounds for review.  *See Lucio*, 351 S.W.3d at 896–97; *Busby*, 253 S.W.3d at 673; *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

Appellant's brief fails to include the applicable law, any analysis, any argument, or any citation to the record to support his contention that the trial court lacked jurisdiction in this case.  Instead, appellant summarily asserts that the court lacked jurisdiction.  Such conclusory statements do not suffice to comply with the briefing requirements of the Texas Rules of Appellate Procedure or to preserve the complaint for appellate review.  *See* Tex. R. App. P. 38.1(i); *see also* George E. Dix & John M. Schmolesky, 43B *Texas Practice: Criminal Practice and Procedure* § 55:104 (3d ed.

10

2016) ("A point of error may be disregarded or overruled or dismissed as inadequately briefed if it is supported by neither citation to authority nor argument in the brief."); *see, e.g.*, *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (holding that point of error was inadequately briefed where appellant "simply declare[d] that his right to counsel was violated, and present[ed] no argument or authority for this contention").

Appellant's failure to adequately brief this issue—by failing to set forth the applicable law, explain his contention, or provide record citations—presents nothing for our review. *See Stevenson v. State*, 499 S.W.3d 842, 852 (Tex. Crim. App. 2016) ("When a party raises a point of error without citation of authorities or argument, nothing is presented for appellate review." (quoting *State v. Gonzalez*, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993))); *Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (Cochran, J., concurring in refusal to grant petition for discretionary review) ("Failure to provide substantive legal analysis—'to apply the law to the facts'—waives the point of error on appeal.") (internal citations omitted); *Jessop v. State*, 368 S.W.3d 653, 681, 685 (Tex. App.—Austin 2012, no pet.) (appellant failed to proffer any argument or authority with respect to claims and therefore waived any error as to claims due to inadequate briefing). Accordingly, we overrule appellant's second point of error due to inadequate briefing.[7] *See Cardenas*, 30 S.W.3d at

---

[7] We observe that appellant's conclusory assertions that the trial court lacked jurisdiction reflect a misunderstanding of the concept of jurisdiction. The term "jurisdiction" refers to the authority or power of a court to hear a controversy and make decisions that are legally binding on the parties involved. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *Dears v. State*, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005); *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("Jurisdiction concerns the power of a court to hear and determine a case."). If there is no jurisdiction, the court has no power to act. *Dunbar*, 297 S.W.3d at 780; *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980). A trial court's jurisdiction over a criminal case consists of "the power of the court over the 'subject matter' of the case, conveyed by statute or

11

393 (overruling points of error that appellant inadequately briefed "by neglecting to present argument and authorities" in support of them); *Serrano*, 2017 WL 4228717, at \*7–8 (overruling point of error due to inadequate briefing).

## CONCLUSION

Having overruled appellant's two points of error, we affirm the trial court's judgment of conviction.

_____
Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   February 13, 2019

Do Not Publish

---

constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in [criminal] prosecutions by the filing of [a charging instrument]." *Dunbar*, 297 S.W.3d at 780 (quoting *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)); *see Trejo v. State*, 280 S.W.3d 258, 262 (Tex. Crim. App. 2009) (Keller, P.J., concurring) ("[T]here are two types of jurisdiction: the trial court's jurisdiction to consider particular types of offenses (subject-matter jurisdiction) and the trial court's jurisdiction over a particular defendant conferred by a charging instrument (personal jurisdiction)."). The record in this case reflects that the trial court here had both subject matter jurisdiction over this offense and personal jurisdiction over appellant.

12