**Jerry Don MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40790.

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Rehearing Denied Jan. 17, 1968.

—◆—

Hernandez & Cazorla, by Frank P. Hernandez, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Ramsey, Alton Alsup, Jr. and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appellant was convicted of operating an automobile while his operator's license was suspended; the punishment, 90 days in jail and a $200 fine, probated for a period of six months.

Officer Tillery, Patrol Division of the Dallas Police Department, testified that on the date in question he stopped the appellant after he had observed him commit a traffic violation while driving an automobile upon the public streets of Dallas; that upon asking the appellant for his driver's license, he said he did not have one and that his license was under suspension.

The state introduced three exhibits in evidence. They were authenticated copies of the driving record of the appellant, including the order of suspension of his operator's license. Included also as part of these records was a physical description of the appellant. The only objection to these exhibits was directed to Exhibit 1-A on the ground that the copy given appellant was not signed by Roland Warner whereas the one introduced in evidence was.

The appellant did not testify or offer any evidence in his behalf.

■ The evidence is sufficient to authorize the finding that the appellant operated an automobile upon a public street while his operator's license was under suspension as alleged.

■ It is contended that the admission in evidence of appellant's prior suspensions and actions of the Texas Department of Public Safety in connection with the instant charge, was error.

The authenticated driving record of the appellant which includes some of the matters complained of was introduced in evidence. In the absence of any valid objection to the exhibits containing such matters, no error is shown.

Appellant's third ground for reversal is that the trial court committed error in refusing to order the State of Texas to answer the interrogatories propounded by the defendant.

Art. 39.02, Vernon's Ann.C.C.P. provides:

"Depositions of witnesses may also be taken by the defendant. When the defendant desires to take the deposition of a witness, he shall, by himself or counsel, file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same, and an application to take the same. Provided that upon the filing of such application and, after notice to the attorney for the State, the court shall hear the application and determine if good reason exists for taking the deposition. Such determination shall be made based on the facts made known at the hearing and the court, in its judgment, shall grant or deny the application on such facts."

■ The defendant may be permitted to take oral or written depositions if he shows "good reason" at a hearing before the court, and the court determines that such reason exists. 44 Texas Law Review, 1004.

■ The record does not reveal an affidavit stating facts necessary to constitute a good reason for taking the deposition.

Thus, the appellant has failed to follow all the required statutory procedures to submit written interrogatories; and there was no error in the trial court's refusal to order the state to answer the same or by subsequently admitting evidence at the time of trial on matters contained in said interrogatories.

The judgment is affirmed.