Richard Larry BRYANT, Appellant,

v.

The STATE of Texas, State.

No. 2–84–252–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 21, 1985.

Charles P. Saunders, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., and Jim E. Crouch, Asst. Dist. Atty., Denton, for State.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Appellant was found guilty by a jury of indecency with a child in violation of TEX. PENAL CODE ANN. sec. 21.11 (Vernon Supp.1985). The jury assessed punishment at five (5) years confinement in the Texas Department of Corrections. Four grounds of error are raised.

We affirm.

Appellant first complains of the trial court's refusal to grant him permission to take the depositions of the prosecutrix, K.C., and her mother. A trial court is authorized under TEX.CODE CRIM.PROC. ANN. art. 39.02 (Vernon 1979) to permit a defendant to take depositions upon a showing of good cause. *Martin v. State*, 422 S.W.2d 731, 732 (Tex.Crim.App.1967). The determination of whether a good reason exists for the taking of such depositions is based on facts made known to the court at a hearing for that purpose. *Yaw v. State*, 632 S.W.2d 768, 769 (Tex.App.—Fort Worth 1982, pet. ref'd). The court, in its judgment, then grants or denies the application on the basis of the facts presented. *Id.* Accordingly, the trial court has wide discretion in either granting or denying an application for depositions. *James v. State*, 546 S.W.2d 306, 309 (Tex.Crim.App.1977); *Beard v. State*, 481 S.W.2d 875, 876 (Tex. Crim.App.1972). It therefore follows that a reviewing court will not find that a trial court has abused its discretion in declining to permit depositions to be taken absent a showing of injury as a result of such denial. *James v. State*, 563 S.W.2d 599, 602–03 (Tex.Crim.App.1978); *Beshears v. State*, 461 S.W.2d 122, 126 (Tex.Crim.App.1970).

The record does not reveal an affidavit stating facts necessary to constitute a good reason for taking K.C. and her mother's depositions. Thus appellant has failed to follow all the required statutory procedures and it was not an abuse of discretion for the trial court to refuse him permission to take the aforementioned depositions. *See Martin*, 422 S.W.2d at 732–33; art. 39.02.

Moreover, appellant has not shown he was injured by the trial court's refusal. *See Gonzalez v. State*, 647 S.W.2d 369, 373 (Tex.App.—Corpus Christi 1983, pet ref'd). Both K.C. and her mother testified at trial and were thoroughly cross-examined. In situations such as this where the witnesses are subject to cross-examination, courts have held no injury results from a trial court's refusal to permit a defendant to

take their depositions. *McKinney v. State,* 491 S.W.2d 404, 407 (Tex.Crim.App.1973); *Boyd v. State,* 633 S.W.2d 578, 582 (Tex.App.—Texarkana), *aff'd,* 643 S.W.2d 708 (Tex.Crim.App.1982). We overrule appellant's first ground of error.

In three separate grounds of error, appellant challenges the sufficiency of the evidence to support the jury verdict. We are required to view the evidence in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983).

A factual summary of the evidence adduced at trial reveals that on April 16, 1984, K.C., who was then five (5) years old, was turning cartwheels in her yard. Appellant was repairing a neighbor's garage door. The child wandered over and began talking to appellant. Appellant then offered to give the girl a piggyback ride. While the girl was on appellant's back, she claimed he put his hands underneath her underpants and touched her "down between [her] legs."

■ By his second ground of error appellant contends there was insufficient evidence to show he touched the child's vagina as alleged in the indictment. Having particularly alleged "the vagina," the State must prove a touching of the vagina. *Lujan v. State,* 626 S.W.2d 854, 858 (Tex.App.—San Antonio 1981, pet. ref'd).

"Vagina" has been defined as the canal in the female extending from the uterus to the external parts of the female genital organs. BLAKISTON'S GOULD MEDICAL DICTIONARY 1439 (4th ed. 1979). The sufficiency of the evidence required to prove that a defendant touched the vagina of a child in an indecency with a child case has been previously considered by Texas courts. *See Tyra v. State,* 534 S.W.2d 695, 696–97 (Tex.Crim.App.1976) (prosecution under predecessor statute to TEX.PENAL CODE ANN. sec. 21.11); *Lujan,* 626

S.W.2d at 857–59. In examining the testimony of the children involved, courts have kept in mind a child's lack of technical knowledge in accurately describing the parts of his body. *See Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim.App.1977).

In *Tyra,* the Court of Criminal Appeals held the testimony of the prosecutrix was sufficient to support the allegation that appellant "placed his hand 'against' [her] vagina." *Tyra,* 534 S.W.2d at 697. In that case the nine (9) year old prosecutrix testified as follows:

A  He put his hand between my legs.

Q  Did he place his hand against your vagina?

A  Yes.

She further testified:

A  He put his hand where my vagina is.

Q  All right. When you say vagina, what do you mean by that?

A  Where I use the rest room.

Q  Okay. You mean the whole area around there, don't you, isn't that what you mean, the whole area between your legs?

A  Yes.

Q  So you are saying that maybe he touched the whole area between your legs, is that what your testimony is?

A.  Yes.

*Id.* at 696.

■ In the present case, K.C. testified with the aid of an anatomically correct doll that while appellant was giving her a piggyback ride he "put his hands underneath [her] [under]pants" and "touched [her] down between [her] legs." We see no distinction between the prosecutrix's testimony in *Tyra* and the testimony of the prosecutrix in our case; accordingly, we find K.C.'s testimony was sufficient to describe a touching of the vagina. While it is true that the prosecutrix in *Tyra* at one point actually said the appellant placed his hand against her vagina, a close reading of her testimony indicates she used the word "vagina" to describe the whole area between

her legs. *See Tyra,* 534 S.W.2d at 696. Thus the substance of the prosecutrix's testimony in *Tyra,* as in our case, was that appellant put his hand between her legs. *See id.* The Court of Criminal Appeals deemed this sufficient to show a touching of the vagina. *See id.* at 697. We accordingly overrule appellant's second ground of error.

In his third ground of error appellant contends that there was insufficient evidence to show he intentionally touched the child's vagina.

 K.C. unequivocally testified that appellant, while giving her a piggyback ride, put his hands down the top of her underpants and touched her down between her legs. Later, when asked how long appellant left his hand underneath her underpants, K.C. stated he left his hand there as long as it took her to count to ten slowly. Certainly this evidence will support the jury's finding that appellant intentionally touched the child's vagina. We therefore overrule appellant's third ground of error.

By his fourth ground of error appellant argues that there was insufficient evidence to show he touched the child's vagina with the intent to arouse and gratify his sexual desire.

Specific intent to arouse or gratify sexual desire is an essential element of the offense of indecency with a child. TEX. PENAL CODE ANN. secs. 21.11 and 21.01 (Vernon Supp.1985). "[T]he requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks and all surrounding circumstances." *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim. App.1981).

The intent to arouse or gratify sexual desire has been inferred from a defendant's laugh or smile. *Turner v. State,* 600 S.W.2d 927, 931 (Tex.Crim.App.1980); *Rodriquez v. State,* 634 S.W.2d 48, 49–50 (Tex.App.—Amarillo 1982, no pet.). In the instant case, appellant smiled and shrugged his shoulders when the prosecutrix's mother confronted him shortly after the incident and told him never to touch her child again. This is some evidence that appellant received self-gratification from the occurrence.

Further the prosecutrix testified that after she got down, appellant offered to give her another piggyback ride. It is reasonable to infer arousal from appellant's second offer. *McKenzie,* 617 S.W.2d at 216.

 We accordingly find that the circumstances surrounding the touching here are capable of raising an inference of sexual desire and intent on the part of appellant. *See Yaw,* 632 S.W.2d at 769. Appellant's fourth ground of error is overruled.

The judgment is affirmed.