IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-364-CR





TRAVIS EVERAGE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,167, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for fifty-five years. Tex. Penal Code Ann. § 22.021 (West 1989). We will
affirm the judgment of conviction.

 The State alleged and the jury found that appellant penetrated the vagina of the
complaining witness, a six-year-old girl, with his finger. In one of his two points of error,
appellant contends the evidence fails to support this finding.

 A person commits an offense if he intentionally or knowingly "causes the
penetration of the . . . female sexual organ of a child by any means." § 22.021(a)(1)(B)(i). In
this cause, however, the State did not allege the offense in the language of the statute, but instead alleged that appellant penetrated the victim's vagina with his finger. "Vagina" and "female
sexual organ" are not synonymous terms. The vagina is the genital canal in the female, extending
from the uterus to the vulva. Aylor v. State, 727 S.W.2d 727, 729 (Tex. App.--Austin 1987, pet.
ref'd). "Female sexual organ" is a more general term that refers to the entire female genitalia,
including both the vagina and the vulva. Id. at 729-30; see Vernon v. State, 841 S.W.2d 407, 409
(Tex. Crim. App. 1992) (penetration of female sexual organ does mean penetration of vaginal
canal). Having particularly alleged that appellant penetrated the complainant's vagina, the State
was obligated to prove that allegation, and the court's charge properly tracked the language of the
indictment. See McWilliams v. State, 782 S.W.2d 871, 873 (Tex. Crim. App. 1990); Bryant v.
State, 685 S.W.2d 472, 474 (Tex. App.--Fort Worth 1985, pet. ref'd).

 The complainant indicated, in response to questions by the prosecutor, that
appellant removed her panties, touched her "where you go pee-pee," and that it hurt. The
victim's sister, who witnessed the incident, testified that appellant removed the complainant's
panties and "[s]tuck his finger up in her," and that this made the complainant cry. The doctor
who examined the complaining witness on the night of the assault testified as follows:



Q. What did you find upon inspecting the child?


A. On inspecting the child on a physical exam I found the labia majora, the outer
folds of tissue of the vagina were reddened and that there was an abrasion on
the right side between the labia majora and the labia minora, approximately
a half a centimeter long and that there was also an abrasion at the posterior
fourchette, near the opening of the vagina and it also appears that the opening
to her vagina may have been enlarged.


Q. When you say that it appears the opening to her vagina may have been
enlarged, why do you draw that conclusion?


A. During the physical exam I measured the opening of her vagina and it appears
larger than normal.


Q. You said there was an abrasion.


A. Yes, sir.


Q. Could you in layman's terms explain where -- what an abrasion is, first?


A. An abrasion is like a scratch.


Q. You said there were two scratches?


A. There were two scratches.


Q. On the vagina, where would they have been located?


A. There was one scratch on the external genitalia, or the outside of the vagina,
between the two -- if you want to call them, lips of the vagina. There is the
labia minora [sic], which is the larger of the two skin folds and the labia
minora which is the inner skin fold of the vagina. There was a scratch
between the two of those on the right.


Q. Was there a scratch that we would say would be inside the vagina?


A. Yes, there was at the posterior fourchette, which is in between the two inner
skin folds at the opening of the vagina.


Q. If a finger were inserted into the vagina, would it have been considered into
the vagina in order -- if it had caused that scratch?


A. Not necessarily, it would have been at the opening of the vagina, not
necessarily inside the vagina, but at the opening of the vagina.


Q. To make the scratch that you described that is the furtherest inside of the
vagina, would that have been penetration?


A. It would not be past the hymen so, no, sir. I'm not sure it would be
considered penetration.


. . .


Q. The scratch that was the furtherest inside, would there have had to have been
an opening of that labia minora in order to make that scratch?


A. Yes, sir.



 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154,
161 (Tex. Crim. App. 1991). In a prosecution for sexual assault, penetration may be proved by
circumstantial evidence. Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972). Proof
of the slightest penetration is sufficient. Id. We hold that a rational trier of fact could conclude
from the evidence in this cause, particularly the doctor's testimony describing the abrasion on and
the enlargement of the vaginal opening, that appellant penetrated the victim's vagina with his
finger as alleged in the indictment. Point of error two is overruled.

 In point of error one, appellant urges that the district court erred in its response to
a note from the jury. While deliberating, the jury sent a note requesting, in the words of the
district court, "some testimony to be read back, testimony from the doctor and testimony from
[the complainant's sister]." (1) Following this, there are parenthetical notations in the statement of
facts that "the requested testimony" was read to the jury. In his brief, appellant complains that
the testimony read to the jury exceeded that requested, thus violating the statutory injunction that
the reporter read "that part of such witness testimony or the particular point in dispute, and no
other." Tex. Code Crim. Proc. Ann. art. 36.28 (West 1981); Pugh v. State, 376 S.W.2d 760
(Tex. Crim. App. 1964).

 Appellant did not voice this complaint at trial. Tex. R. App. P. 52(a). Moreover,
the record does not disclose the precise testimony read to the jury. Nothing is presented for
review. Point of error one is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: February 24, 1993

[Publish]

1.   A copy of the note is in the record, but is illegible.