PD-0325-15

PD-0325-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/25/2015 1:51:31 PM
Accepted 3/26/2015 1:22:42 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

SKIE JORDAN SMITH Appellant

VS.

THE STATE OF TEXAS, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA

NO. 06-14-00071-CR

MARION COUNTY

TRIAL COURT NO. F14369

FILED IN
COURT OF CRIMINAL APPEALS

March 26, 2015

ABEL ACOSTA, CLERK

Tim Cone
P.O. Box 413
Gilmer, Texas 75644
State Bar #04660350

ATTORNEY FOR APPELLANT

TABLE OF CONTENTS

Page

Table of Contents………………………………………. 2

Name of All Parties…………………………………… 3

Index of Authorities………………………………… 4

Statement of the Case…………………………………. 5

Statement of the Procedural History……………………….. 7

Statement Declining Oral Argument…………………….. 7

Questions for Review………………………………… 7
    Question One:
    Did the Court of Appeals err in finding Appellant's
trial attorney failed to preserve error regarding the proper outcry
witness?................................................................ 7,8
    Question Two:
    Did the Court of Appeals err in finding Appellant's
trial attorney failed to preserve error regarding the
admission of an inadmissible tape recorded statement
of the complaining witness?............................................ 7,9

Reasons for Review…………………………………… 8

Argument and Authorities……………………………….. 8

Prayer and Relief……………………………………… 11

Certificate of Compliance……………………………….. 12

Certificate of Service……………………………………….. 12

Appendix – Court of Appeals Opinion

## NAMES OF ALL PARTIES

The parties to the trial court's judgment are the State of Texas and Appellant, Skie Jordon Smith, TDCJ.

The trial court judge was the Honorable Lauren Parish, 115th Judicial District Court, Marion County, Texas.

At trial and on appeal, the State was represented by Marion County Attorney Angela Smoak, Marion County, Texas.

Appellant was represented at trial by Matthew R. Patton, III, 316 Titus Street, Gilmer, Texas, and on appeal by Tim Cone, Gilmer, Texas.

# INDEX OF AUTHORITIES

PAGE

STATUTES:

Texas Code of Criminal Procedure, Art. 38.072…………….....    8

Texas Code of Criminal Procedure, Art. 38.071……………….    9

RULES:

Texas Rule of Appellate Procedure, 66.3(f)…………………….    8

SKIE JORDAN SMITH                                    Appellant

V.

THE STATE OF TEXAS                             Appellee


**********

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**********

TO THE HONORABLE COURT OF APPEALS:

Comes now Skie Jordan Smith, Appellant, and respectfully urges this Court to grant discretionary review in this case.

## STATEMENT OF THE CASE

SKIE JORDAN SMITH appeals the conviction and sentence for Aggravated Sexual Assault of a Child. The Appellant was indicted in Cause Number F14369 by the Marion County Grand Jury on September 28, 2012,

for the offense of Aggravated Sexual Assault of a Child. CR8. The sole allegation set out in the indictment accused the Appellant of oral penetration of the child by his sexual organ. CR8. On November 12, 2013, a hearing on Appellant's motion to suppress evidence was held. Supp.1RR. The Appellant's motion was denied. Supp.1RR41. A jury was selected on March 17, 2014. 2RR. On the same day, before jury selection began, the trial court held a hearing on the Appellant's objection to the testimony of the outcry witness, the mother of the child (Tereena Woods). 2RR4-20. Trial began on March 18, 2014. 3RR. The jury convicted the Appellant of Aggravated Sexual Assault of a Child on March 19, 2014, and assessed his punishment at forty years confinement in the Institutional Division of the Texas Department of Criminal Justice. 4RR97, 108. On February 25, 2015, the Sixth Court of Appeals affirmed the conviction in a published opinion. The Appellant now files this Petition for Discretionary Review.

For clarity, THE STATE OF TEXAS will be referred to as "The State", and SKIE JORDAN SMITH, will be referred to as "Defendant" or "Appellant."

## STATEMENT OF PROCEDURAL HISTORY

The case was appealed to the Court of Appeals, Sixth Appellate District of Texas at Texarkana. On February 25, 2015, that Court affirmed the conviction in an opinion that was published. There was no motion for rehearing filed.

## STATEMENT DECLINING ORAL ARGUMENT

Oral argument of this case is not requested on behalf of Appellant.

## QUESTIONS FOR REVIEW

### Question No.1

Did the Court of Appeals err in finding the Appellant's trial attorney failed to preserve error regarding the proper outcry witness?

### Question No. 2

Did the Court of Appeals err in finding the Appellant's trial attorney failed to preserve error regarding the admission of an inadmissible tape recorded statement of the complaining witness?

<u>REASONS FOR REVIEW</u>

Texas Rule of Appellate Procedure 66.3(f): A Court of Appeals has so far departed from the accepted and usual course of proceedings as to call for an exercise of the Court of Criminal Appeals power of supervision. Further, this matter should be addressed by the Court of Criminal Appeals in the best interest of justice.

<u>ARGUMENT AND AUTHORITIES</u>

Question No. 1

Prior to trial beginning, Appellant's trial attorney objected to the mother of the complaining witness (pseudonym "Jane Doe", a child) being allowed to testify as the proper outcry witness. At the end of the hearing, the trial court overruled the objection and ruled that the mother of the child could testify at trial as the outcry witness, which she did. The Texas Code of Criminal Procedure, Art. 38.072 allows for the admission of the testimony of an outcry witness from the first person over eighteen years of age the child tells of the alleged abuse. During the first (of two) CAC interviews-both of which were published to the jury at trial, the child (Jane) clearly tells the

CAC interviewer the first person she told of the alleged abuse was "Memaw" (State's exhibit no. 4). While the record is not a model of clarity regarding the identity of "Memaw", it does appear fairly clear that "Memaw" is the maternal grandmother of the child-who would be an adult over the age of eighteen years. The Court of Appeals held that the Appellant's trial counsel failed to preserve the error in this regard. However, it was based on the request of the Appellant's trial attorney that the pretrial hearing was held-based on the objection to the child's mother as the proper outcry witness. The Court of Appeals should have held that the issue was preserved and a fair review of the record shows the child's mother was not shown to have been the proper outcry witness. As such, the mother's testimony should not have been admitted as to the outcry statements from the child, which were very harmful to the Appellant.

## Question No. 2

At trial, the child testified. Therefore, no CAC recorded interview was admissible. Texas Code of Criminal Procedure, Art. 38.071. In the case at bar, the child gave two CAC recorded interviews. In the first interview, the child denied any act on the part of the Appellant that would substantiate the

allegations set out in the indictment. (State's exhibit No. 4). In the second CAC interview, the child did make statements that would support the allegations in the indictment. Appellant's trial attorney did not object to the admission of the first interview. This would seem to be sound trial strategy since the statements made by the child essentially denied the allegation set forth in the indictment. However, when the State offered the second CAC recorded interview (State's exhibit No.5), the Appellant's trial attorney did object. The objection made at trial was that the recording was improper redirect examination. The Court of Appeals held the trial objection and the point of appeal were not the same; therefore, error was not preserved. The argument made on appeal was that the recording was inadmissible under the statute and lent credibility to the testimony of the child. Appellant's trial attorney made an objection that the recording was improper redirect examination. The reason the recording was not admissible was that it was improper redirect examination in that it was not admissible under the statute and it lent credibility to the child's testimony. The same exact words may not have been used at trial and on appeal but the objection and the point of error refer to the same erroneous admission of the recording. The Court of Appeals should have found that the admission of the second CAC interview was error and clearly harmful to the Appellant.

## PRAYER AND RELIEF

Appellant prays that this Petition for Discretionary Review be granted; that this case be submitted to the Court after full briefing; that the Court of Appeals' decision be set aside, the case remanded to the Court of Appeals for further review or that the Appellant receive a new trial.

Respectfully submitted,

/s/ Tim Cone

_____
TIM CONE
State Bar #04660350
Attorney for Appellant
P.O. Box 413
Gilmer, Texas  75644
903-725-6270
903-725-5494 (Fax)

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identify of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consist of 571 words.

/s/Tim Cone

_____

TIM CONE

## CERTIFICATE OF SERVICE

On the 25th day of March, 2015, copies of the foregoing Appellant's Petition for Discretionary Review were delivered to the Office of Honorable Angela Smoak, Marion County Attorney, 102 West Jefferson, Jefferson, Texas 75657, and the State Prosecuting Attorney, at P.O. Box 13046, Capitol Station, Austin, Texas 78711, by United States mail postage prepaid.

/s/Tim Cone

_____

TIM CONE
Counsel for Appellant



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00071-CR

---

SKIE JORDAN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F14369

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

OPINION

Skie Jordan Smith was convicted by a Marion County jury for the aggravated sexual assault of Jane Doe,[1] a child younger than fourteen years of age, and sentenced to forty years' incarceration. On appeal, Smith raises three complaints: (1) he maintains that the person allowed to testify as an outcry witness did not properly qualify as an outcry witness under the relevant Texas Code of Criminal Procedure provision, (2) Smith takes the position that the evidence against him was insufficient to support a finding of guilt, and (3) he complains that the trial court erred in allowing the admission into evidence of an audio/video-recorded interview with the child complainant. Upon review of the record and applicable law, we overrule Smith's points of error and affirm the trial court's judgment and sentence.

## I. The Evidence Was Sufficient

In order to avoid redundancy in stating the evidence presented, we first examine the sufficiency of the evidence to support Smith's conviction.

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of *Brooks*, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable

---

[1] This is a pseudonym employed in this opinion to protect the identity of the child victim.

inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Under the hypothetically correct jury charge standard, in order to sustain the charges made against Smith, the State was required to prove that Smith intentionally or knowingly caused the penetration of Jane's mouth with his sexual organ and that this act occurred in Marion County. *See* TEX. PENAL CODE Ann. § 22.021(a)(1)(B)(ii) (West Supp. 2014).

Jane is the daughter of Smith's former girlfriend. Nine years old at the time of trial, Jane testified that during a span of time when she and her mother lived with Smith in Oklahoma and, later, in an apartment in Jefferson, Texas, Smith engaged in regular touching of Jane's "private" and bottom.[2] The child also said that while the parties lived in the Jefferson apartment, on more than one occasion, Smith made her put his private into her mouth and that "white stuff came out"

---

[2]It is understood that child sexual assault victims may well describe their relevant body parts without the sophistication, specificity, or anatomical accuracy employed by adults or, for that matter, by the criminal statutes being enforced. "Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within" the Penal Code's definitions, "the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses." *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); *see also Guia v. State*, 723 S.W.2d 763, 765 (Tex. App.—Dallas 1986, pet. ref'd) (touching where one "'went to the bathroom'" or "'tee-teed'" sufficient for sexual contact); *Bryant v. State*, 685 S.W.2d 472, 474–75 (Tex. App.—Fort Worth 1985, pet. ref'd) (being touched "between her legs" sufficient for sexual contact). Jane testified sufficiently to identify her terms for her and Smith's body parts as corresponding with their respective sexual organs, and Smith does not challenge this aspect of her testimony.

of it.[3]  Jane said this happened more than ten times, and she also described the various rooms in the apartment where these abuses took place and the clothing she and Smith wore on many of those occasions.  She testified about an incident that took place in Oklahoma when Smith and his brother were present.  On that occasion, she was made to take Smith's brother's "pee-pee" in her mouth.

Based on Jane's testimony, the evidence was sufficient to support a finding that Smith knowingly or intentionally caused the penetration of Jane's mouth with his sexual organ, that Jane was a child under the age of fourteen at the time, and that the act occurred in Marion County.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii) (West Supp. 2014).  The testimony of a child complainant, standing alone, "is sufficient to support a conviction for aggravated sexual assault."  *Allen v. State*, 436 S.W.3d 815, 820 (Tex. App.—Texarkana 2014, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014).

In addition to the above, Jane's mother testified that one evening, she smelled a "vaginal smell" emanating from Jane's fingers; concerned that Jane had been masturbating, she questioned her.  Jane related to her mother that Smith had taught her to touch her vaginal area and also revealed that Smith had made the child take his sexual organ in her mouth.  The State introduced two audio/video recordings of interviews Jane gave at the local Children's Advocacy Center (CAC) into evidence.  In those interviews, Jane described the above sexual assaults as well as other inappropriate activity (such as Smith masturbating on the bathroom floor while

---

[3]Jane said that on at least one occasion, Smith told her, "Don't swallow it."

4

Jane and Smith's son took a bath together at Smith's insistence and Smith showing Jane pornographic material).[4] The evidence was sufficient to support the jury's finding of guilt.

## II.    Identity of Proper Outcry Witness

Smith complains in his appellate brief that the trial court erred in allowing Jane's mother to testify as an outcry witness.[5] Smith argues that a relative or friend of Jane, to whom Jane referred as "Memaw," was the proper outcry witness, not Jane's mother.

On appeal, Smith points to Jane's statement in one of the recorded interviews wherein she related that she told Memaw about Smith's abuse before she told her mother.[6] There was a hearing held regarding the admissibility of Jane's mother's testimony as an outcry witness. In the pretrial hearing regarding this issue, Smith never raised any issue pertaining to Memaw, what might have been said by Jane to Memaw, at what time it might have been said, or whether Memaw would have been a proper outcry witness. He never asked about Jane's statement in the recording that she had told Memaw something about Smith's conduct before she told her

---

[4]Some of this evidence—the mother's testimony of Jane's outcry statement and one of the recorded interviews—is the subject of other points of error. Jane's testimony was sufficient to support the conviction.

[5]*See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2014). "The outcry statute creates a hearsay exception for a child's first outcry of sexual abuse to an adult." *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). This exception is allowed if the child makes a statement describing the alleged offenses, and it allows the first person over the age of eighteen to relate the child's statement at trial. *Id*.

[6]Jane gave two audio/video-recorded interviews at the local CAC. The recordings were admitted into evidence, even though Jane testified at trial. We address these interviews in our analysis of Smith's third point of error, *infra*. Even if the recordings were not admissible, Smith failed to lodge an objection to them at trial. As a result, the evidence still has probative value in our review of the sufficiency of the evidence. *See* TEX. R. EVID. 802; *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (hearsay evidence admitted without objection still given probative value).

mother.[7]  The only witness at that hearing was Jane's mother, who described what Jane told her about Smith's abuses and the chronology of those disclosures.  Smith's cross-examination of the mother focused on which acts Smith had performed on or with Jane, the time frame of when Jane had told her mother of Smith's actions, and whether Jane related other acts subsequent to the first time she told her mother about Smith's improprieties.  In other words, Smith only inquired into what Jane had told her mother and when she had told her those things.  For example, Jane's mother said that during the initial outcry, Jane told her that Smith had taught her to touch her private area and that Smith had made her put his "pee-pee" in her mouth.  Jane's mother went on to say that on subsequent occasions, the child disclosed more of Smith's activities (such as an occasion where Smith made Jane and Smith's son take a bath together while Smith "pulled his pee-pee out and moved it back and forth real fast").  Smith never argued at that time that Jane had made other prior comments which would qualify as outcry statements to another person over the age of eighteen.  In explaining his objection to the trial court, Smith stated that he wanted the mother's testimony limited to Jane's initial outcry.  Smith argued,

> But she later, the girl talked [to] several other people and more stuff came out and what she [Jane's mother] testified yesterday I've got no objection to, but if she wants to expound on it, well, she later told me this and this and this, I do have a problem because that wasn't the initial outcry.

Smith indicated he would lodge objections during trial if the mother testified to incidents other than those told her during Jane's initial outcry.

---

[7]As a matter of fact, neither audio/video recorded interview was offered, admitted, or even discussed at the hearing on the admissibility of Jane's mother's testimony as an outcry witness.  Also, in her trial testimony, Jane said she told her mother before she told Memaw.  Just as a child is not expected to testify with the anatomical specificity expected of an adult, generalities and imprecisions in reciting chronological order can be understood.  *See, e.g.*, *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (considering child's "rough time-frame of the events" in relating sexual abuses).

Nothing in Smith's trial objections alerted the trial court that Smith believed Jane's mother was not the proper outcry witness. An appellate point of error must have been raised by a motion or objection at trial, and the complaint raised on appeal must be the same as that urged at trial. Otherwise, the appellant has not preserved the matter for appellate review. TEX. R. APP. P. 33.1(a); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (nothing preserved for review if issue on appeal does not comport with objection at trial). Because his trial objection does not comport with this point of error raised on appeal, Smith failed to preserve the issue for our review.

Even if Smith had objected at trial on the ground that Jane's mother was not the proper outcry witness, he presented no evidence to the trial court establishing that any other person would have qualified in that capacity. His statement to the trial court that Jane had spoken to other people "and more stuff came out" was neither explained by him nor supported by evidence at the pretrial hearing. Further, even had Jane told other people about different conduct or acts Smith had done to her, such a revelation (if the other statutory requirements were met) would not necessarily preclude those persons from testifying under the outcry statement's authorization. As we have noted previously,

> [A]n outcry witness is not person-specific, but event-specific. Before more than one outcry witness may testify, however, the outcry must be about different events, and not simply a repetition of the same event as related by the victim to different individuals. . . . [T]here may be two proper outcry witnesses if they each testify about different events, but there may be only one outcry witness to the victim's statement about a single event. The proper outcry witness to a single event is the first adult person other than the defendant to whom the victim made a statement describing the incident.

*Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd).  There was nothing before the trial court suggesting that Jane made event-specific outcries to any person other than her mother.  Had this matter been preserved for our review, we could not find that the trial court abused its discretion in overruling Smith's challenge to Jane's mother testifying as the outcry witness.[8]

### III.     Admission of Audio/Video Recorded Interviews

In his third point of error, Smith complains of the admission into evidence of the second audio/video-recorded interview which Jane gave at the CAC.  In certain circumstances, an audio/video recording of a statement given by a child sexual-assault complainant may be admissible in a criminal prosecution, but the statutory authority for such admission is limited to situations where the child complainant is "unavailable to testify in the presence of the defendant . . . ."  TEX. CODE CRIM. PROC. ANN. art. 38.071 (West Supp. 2014).  Smith is correct in arguing that Jane was available to testify (not only was she available to testify, she actually did testify) and, thus, the recording was not admissible under Article 38.071.

Article 38.071's requirements are numerous and clear; those requirements are not satisfied where the child is available to testify at trial.  *Bays v. State*, 396 S.W.3d 580, 590 (Tex. Crim. App. 2013).  In *Bays*, the child complainant testified at trial, but the State also was allowed to introduce an audio/video-recorded interview of the child.  This Court overturned Bays' conviction after finding that the trial court committed reversible error in the admission of the

---

[8]We review a trial court's ruling on a challenge to the outcry witness under an abuse of discretion standard. *Eldred v. State*, 431 S.W.3d 177, 182 (Tex. App.—Texarkana 2014, no pet.).

video interview, despite the argument of the State that the recording was admissible under the outcry statute, Article 38.072.[9] On appeal, the Texas Court of Criminal Appeals rejected that argument, ruling that "[t]o permit admission of a complainant's videotaped statement under the more lenient outcry statute would undermine [Article 38.071's] rigid unavailability requirement and its requirements aimed at guaranteeing the expertise and neutrality of the interviewer." *Id.*

Because Jane testified at trial, neither of her recorded interviews was admissible at trial.[10] Smith did not object to admission of the first audio/video-recorded interview. Smith argues that this was a reasonable strategy, as Jane did not, during that interview, allege conduct amounting to the indicted offense. It was only in the second interview that Jane described Smith's penetration of Jane's mouth with his sexual organ. When the State offered this interview, Smith couched his objection to its introduction in this fashion: "(S)ubject to my prior objection I would object, it's not proper redirect." Unless he was referring to the pretrial hearing concerning the outcry witness, we locate no "prior objection" to which Smith may have been referring in that statement. As discussed above, the focus of the pretrial hearing was on Jane's outcry statements to her mother; there was no mention of the admissibility of either of the recorded interviews or of the State's compliance with Article 38.071. An argument that the second audio/video-recorded interview was not proper redirect examination is not the same objection as one claiming that the video recording is not admissible pursuant to Article 38.071. Although there may have been a valid argument for the exclusion of the audio/video recorded interview, that argument was not

---

[9]*Bays v. State*, No. 06-10-00115-CR, 2011 WL 6091773, at *6 (Tex. App.—Texarkana Dec. 7, 2011) (mem. op., not designated for publication), *aff'd*, 396 S.W.3d 580 (Tex. Crim. App. 2013).

[10]*But see* TEX. R. EVID. 801(e)(1)(D) (statement not hearsay when (1) declarant testifies at trial or hearing, (2) declarant is subject to cross-examination, and (3) statement offered in accordance with Article 38.071).

presented to the trial court. As we have stated previously both in this opinion and elsewhere, an appellant's point of error on appeal must be the same as the objection lodged in the trial court, lest the complaint not be preserved for our review. We overrule this point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     January 7, 2015
Date Decided:      February 25, 2015

Publish